Argued and submitted April 14,
reversed June 16, appellant's reconsideration and
respondent Lewelling's reconsideration denied July 31,
petitions for review allowed October 14, 1980

STATE ex rel HEALY,
*Respondent,*
*v.*
SMITHER,
*Respondent,*
*v.*
LEWELLING,
*Respondent,*
THE AMERICAN INSURANCE COMPANY,
*Appellant.*

(No. 81901, CA 14978)

613 P2d 49

John R. Barker, Portland, argued the cause for appellant. With him on the briefs was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Clifford N. Carlsen, Jr., Portland, argued the cause for respondent, Asa L. Lewelling. With him on the brief was Bruce A. Rubin, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, waived appearance for respondent, State of Oregon.

Bruce E. Jarman, Salem, waived appearance for respondent, Harold F. Smither.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

This is a priority dispute between two claimants to the assets of defendant Smither which are under the control of plaintiff as receiver of those assets.[1] The trial court found respondent Lewelling's claim to be superior to the claim of appellant American Insurance Company (American). American appeals, contending that the parties should share equally in the receivership assets. We reverse.

Defendant Smither was found by the circuit court to have engaged in fraud and mismanagement in connection with the sale and purchase of securities while he was an employee of First California Company (First California), a broker-dealer. Pursuant to ORS 59.255(1) of the Oregon Securities Law, a receiver was appointed to take control of his assets. American's claim arises from payments made under its policy of insurance, a stockholder's blanket bond, to First California.[2] Under that agreement, American was obligated to make payments to customers of First California who were defrauded by Smither's actions; American now seeks recovery of those payments. Lewelling's claim is based upon a judgment obtained against Smither in federal district court. The basis of that judgment was the sale of non-registered securities, a violation of the Oregon Securities Law.[3]

---

[1] The priority given to the third claimant, United States National Bank, is not disputed.

[2] American submitted a supplemental claim based on a judgment it obtained against Smither for $750,000 in Marion County Circuit Court. The basis of that judgment was the payments American made to First California pursuant to the bond agreement between First California and American.

[3] Lewelling's suit in federal district court named First California, Smither and Coen, another employe of First California, as defendants. He asserted twelve claims and succeeded on six of them. Against First California and Coen he succeeded on claims of fraud; with respect to First California and Smither, judgment was entered only on the non-registration of securities counts, not on the fraud counts.

The bond issued by American insured First California against any loss it might incur due to the dishonesty or fraudulent acts of its employes. It specifically excluded losses arising from any other violation of the securities law. Therefore, Lewelling's claim against Smither and First California is not within the coverage of the bond and American has no duty of payment to Lewelling.[4] From the record, it appears that American has fully satisfied its obligation under the bond agreement.

For the purpose of this claim, American stands in the place of First California, its insured. As such, it is entitled to all the rights and remedies First California has against Smither. *Mayer v. First National Bank of Oregon,* 260 Or 119, 130, 489 P2d 385 (1971). American and Lewelling, as claimants, are in the same class; both possessed judgments against Smither. Under these circumstances, it is well established that:

> "With general creditors of the debtor whose claims are to be paid out of the general funds of the estate, as with the members of every other class of receivership claimants, the general rule is that 'equality is equity'. The court will not permit one creditor to obtain an inequitable or unlawful preference over the creditors of the same class. To warrant the enforcement in a receivership of one claim over another of the same class, there must be something in the intrinsic nature of such a claim conferring an equity superior to that of the latter claim." *Lewis & Dalin v. Clarke Lbr. Co. et al,* 185 Or 522, 525, 204 P2d 130 (1949); *see also* 66 Am Jur Receivers, § 251.

Preferences are not favored by the courts and usually arise by reason of some definite statutory provision or some fixed principle of common law. 75 CJS Receivers, § 283. Lewelling fails to draw our attention to any statute or case law in support of his claimed

---

[4] American was obligated to Lewelling for the fraud of another First California employe, Coen, against whom Lewelling obtained judgment. This claim was satisfied by American in a separate proceeding.

preferential position.[5] However, he argues that the instrinsic nature of his claim, as compared to that of American, entitles him to a superior position.

Lewelling was a direct victim of certain of Smither's unlawful actions. American, on the other hand, was an insurer which suffered loss because of other unlawful action by Smither. While it may be that a court, under appropriate circumstances and in the exercise of its equitable powers, can establish priorities not mandated by the law, *see In Matter of Stirling Homex Corp.,* 591 F2d 148 (2nd Cir 1978), we hold that this is not such a case. No significant factor distinguishes the claims of the parties here. No equitable consideration weighs in favor of Lewelling over American. The trial judge erred in granting Lewelling a priority over American. The parties are entitled to share equally in the assets now held by the Corporation Commission.

Reversed.

---

[5] Respondent relies to some extent on the case of *American Surety Co. v. Westinghouse Electric Mfg. Co.,* 296 US 133, 56 S Ct 9, 80 L Ed 105 (1935). That case involved a priority dispute between two claimants to the assets of a bankrupt contractor. One claimant was a surety company who, pursuant to a bond issued to the contractor, was obligated to pay the contractor's laborers and materialmen in the event of his default. The surety paid the full amount of the bond but this was insufficient to satisfy the claims of all the materialmen. The other claimants were this group of materialmen. The court held that the surety could not share in the assets of the principal until the claims of the creditors it was to protect had been satisfied in full. This case is inapplicable because Lewelling is not within the class of creditors American has undertaken to protect.